### FREDERIC FULLER v. WILLIAM P. BRIGGS.

In a suit brought by a deputy collector against the collector of customs for the district of Vermont, to recover payment for his services as deputy collector, it was held competent for the plaintiff to prove, that it was the uniform course of business with the government at Washington, to keep no account with the deputy collectors, but to charge all sums, collected for duties in any one district, to the collector, and for the collector to pay the deputy collectors for their services, and charge, in his account with the government, the sums of money so paid, in connection with evidence, that the services were performed at the request of the defendant, and of subsequent repeated promises, on the part of the defendant, to pay for the services so performed, for the purpose of establishing the fact, that the services were rendered in consideration of an express undertaking on the part of the defendant, to be responsible to the plaintiff therefor.

And although the government do not allow the collector's account for money paid for the services of a deputy collector, unless the account is accompanied by a voucher, duly executed and sworn to by the deputy, showing that the money has been in fact paid to him, yet it is not necessary, in order to entitle the deputy to recover from the collector for his services, that he should first furnish him with such voucher. It is sufficient, if he offer to furnish the voucher, whenever he is paid the money.

If the jury, in such case, find the fact, from competent evidence, that it was the understanding of both parties, at the time the request was made and the service rendered, that the defendant should be personally responsible to the plaintiff therefor, the plaintiff will be entitled to recover.

A declaration, in such case, which alleges, that the defendant was indebted to the plaintiff for work and labor &c., before that time done and performed by the plaintiff in and about the business of the defendant, at his request, as deputy collector and inspector of the customs, the defendant being collector of the customs, and that being so indebted, the defendant, in consideration thereof, afterwards promised to pay, is sufficient upon motion in arrest of judgment.

Fuller *v.* Briggs.

ASSUMPSIT.  The plaintiff declared against the defendant, in the first count in his declaration, as follows ;—" For that whereas here-"tofore, to wit, on the first day of August, 1841, at Burlington " aforesaid, the defendant was indebted to the plaintiff in the sum " of one hundred dollars for work and labor and services, care, skill " and diligence, before that time done and performed and bestowed " by the plaintiff in and about the business of the defendant, at his " request, as deputy collector and inspector of the customs, who " then and for a long time before and since was collector of the " customs for the district of Vermont; and being so indebted, he, " the defendant, in consideration thereof, afterwards, to wit, on the " day and year last aforesaid, at Burlington aforesaid, undertook " and faithfully promised the plaintiff to pay him said sum of money, " when he, the defendant, should be thereunto afterwards requested." There was also a count for money had and received.  Plea, the general issue, and trial by jury, November Adjourned Term, 1846.

On trial the plaintiff gave evidence tending to prove, that he was appointed a deputy collector and inspector, while A. W. Hyde was collector for the district of Vermont, and that soon after the defendant was appointed collector in 1841, he informed the plaintiff, that he might continue to act as deputy collector, and discharge the duties of that office, until the defendant should give him notice to the contrary, and that the plaintiff did continue to discharge such duties for two months thereafter, before any notice to discontinue was given to him.  The plaintiff also offered to prove, that it has always been the uniform course of business with the government at Washington to keep no account with the deputy collectors, but to charge all sums, collected for duties in any one district, to the collector, and for the collector to pay the deputy collectors for their services, and charge, in his account with the government, for the sums of money so paid ;—to which testimony the defendant objected ; but it was admitted by the court.  The plaintiff also gave in evidence a letter, addressed to him by the defendant under date of July 10, 1841, in which the defendant promised to settle the plaintiff's account and pay him the balance.  The plaintiff also gave evidence tending to prove, that in the latter part of July or first of August, 1841, he left his account against the defendant with D. A. Smalley for collection, the plaintiff then claiming $90, that being

Fuller *v.* Briggs.

the compensation allowed him, as deputy collector, for one quarter; that Smalley soon afterwards called upon the defendant for a settlement of the demand, and the defendant expressed a willingness to pay $60, and said that one Elkins, who had served as deputy collector for one month of the quarter, was entitled to the residue; that Smalley soon afterwards informed the plaintiff what the defendant said in reference to it, and the plaintiff then authorized Smalley to receive the $60 in full discharge of the demand, and delivered to Smalley an unexecuted voucher, in the form usually given to the collector by the deputy; that Smalley soon afterwards informed the defendant, that he was authorized to accept the $60 in full discharge of the demand, and the defendant then promised, that he would pay it; that in several conversations with Smalley thereafter the defendant promised to pay the demand, making no objections or conditions whatever; and that the affair continued in this condition, without payment, until after the defendant had left the office of collector, and had settled his account with the government; and that then the defendant, upon being again called upon, said that he should not pay the $60, because he had settled his account with the government, and nothing had been allowed to him for this claim, and that he was not personally responsible to the plaintiff. It appeared, that the defendant had not in fact received any thing from government on account of this claim, not having charged the claim in his account. It also appeared, that at a previous trial of this suit the defendant had admitted, that until his settlement with government, he had funds in his hands, belonging to the government, more than sufficient to pay this claim, and that he insisted, that he should have paid the claim, if the plaintiff had furnished him with a voucher, so as to have enabled him to charge it in his account.

It appeared in evidence, that the deputy collectors are nominated, or recommended, by the collector, and that the nomination is approved by the Secretary of the Treasury of the United States, and that the rate of compensation, to be paid to the deputy collectors, is also fixed by the government, upon the representation of the collector, and that the collector has no power to remove a deputy collector, unless such removal is approved by the Secretary of the Treasury. It also appeared, that nothing is allowed to the collector, in his account with the government, for payment to a deputy col-

Fuller *v.* Briggs.

lector, unless the account is accompanied by a voucher from the deputy, verified by oath, acknowledging the receipt of the money.

The defendant gave evidence tending to prove, that in many instances he had obtained from his deputies a receipt and affidavit, showing that they were paid their salary, in advance of its being paid, so as to enable the defendant to charge it in his account and send on the proper voucher, and that the future settlement was then a matter of confidence between him and his deputies, and that this practice was somewhat common with him. The defendant also read in evidence, by consent of the plaintiff, a letter from the Secretary of the Treasury to Smalley, dated January 19, 1844, in which it was stated, that the removal of the plaintiff, by the defendant, from his office of deputy inspector, was approved May 25, 1841, and that no charge had been made in the defendant's account for any payment to the plaintiff.

The court instructed the jury, that, to enable the plaintiff to recover, it was not indispensable, that he should prove an express contract on the part of the defendant to be personally responsible for the plaintiff's wages as deputy inspector; but if they found, from the uniform course of business at Washington relative to this subject, with which it might well be supposed the parties to this suit were well acquainted, and from the subsequent promises of the defendant, as contained in his letter, and as testified to by Smalley, to pay the plaintiff's claim, that the services now sued for were performed by the plaintiff at the request of the defendant, under an expectation, that he was to look to the defendant personally for his pay, and that the defendant, on his part, at the same time, expected to be personally responsible, that this created such a privity between them, as to render the defendant personally responsible;—and that the uniform course of business at Washington and the after promises of the defendant to pay the claim were only to be used as evidence, tending to prove how these parties originally understood it; and that in this point of view this was competent evidence;—and that unless they found, from the whole evidence bearing upon this point, that such was the understanding of the parties, they should return their verdict for the defendant.

The court also instructed the jury, that it was not necessary, that the plaintiff should have executed and tendered to the defendant a

release, or receipt in full, for the money, before he had a right to call on the defendant for payment, if they found the defendant personally liable; and that, in this case, the fact, that the plaintiff had never tendered to the defendant such receipt, would not preclude the plaintiff from recovering, however it might be, if the defendant had tendered payment, and the plaintiff had then refused to execute the proper voucher.

The jury returned a verdict for the plaintiff, for the $60, and the interest. Exceptions by defendant.

After verdict, the defendant moved that judgment be arrested for the insufficiency of the declaration, which motion was overruled by the court; to which decision the defendant also excepted.

*W. P. Briggs* and *L. Underwood* for defendant.

There is nothing in the case, tending to show, that the defendant assumed any personal responsibility to the plaintiff, or that the plaintiff performed the duties of his office, relying upon the responsibility of the defendant. The plaintiff understood, that he was an officer of the government, and that in performing his duties he acted as deputy collector, and not as the mere servant of the defendant. He did not enter upon the duties of his office at the request of the defendant; for he was a deputy, when the defendant received his appointment, and was so, without regard to the inclination of the defendant, until he was removed by the Secretary of the Treasury. This excludes the presumption of credit being given to the defendant personally. When a government officer acts within the scope of his authority, he is not personally responsible for any contract made for the benefit of the government. Theob. on Pr. & Agent 320. *Ex parte Hartop,* 12 Ves. 352. *Owen* v. *Gooch,* 2 Esp. R. 567. *Mackbeth* v. *Haldimand,* 1 T. R. 172. *Bowen* v. *Morris,* 2 Taunt. 374. *Allen* v. *Waldegrave,* 8 Taunt. 566, [4 E. C. L. 210.] *Hodgson* v. *Dexter,* 1 Cranch 345. *Walker* v. *Swartwout et al.,* 12 Johns. 444. *Sheffield* v. *Watson,* 3 Caine 69. *Olney* v. *Wickes,* 18 Johns. 281. *Bainbridge* v. *Downie,* 6 Mass. 253. 10 Mass. 350.

The evidence objected to by the defendant, in relation to the custom of doing business with the government, should have been excluded. The relation of collector and deputy collector, and their lia-

bility, is established by law, and the custom established by government can have no tendency to make the defendant personally responsible.

Nothing short of an express contract could make the defendant liable; nor would he be liable, even then, if the contract was in the line of his duty as collector, and was made for the benefit of the government, and that was known to the plaintiff. The presumption is, that an officer, acting in the line of his duty, contracts as agent, and is not personally responsible. *Rathbon* v. *Budlong*, 15 Johns. 1. *Mann* v. *Chandler*, 9 Mass. 335. 1 T. R. 172. 1 Cranch 345. 12 Johns. 444. *King* v. *Butler*, 15 Johns. 281. *Olney* v. *Wickes*, 18 Johns. 122. *Tracy* v. *Swartwout*, 10 Pet. 95. *Elliot* v. *Swartwout*, 10 Pet. 153. 3 Mason 446.

The government would not have justified the defendant in paying the plaintiff his salary, without a voucher, that he had performed his services. This the case shows was the custom at Washington, which the plaintiff was as much bound to know as the defendant.

The declaration is insufficient. It alleges, that the services were performed by the plaintiff, as deputy collector under the defendant, who was collector, and does not allege a prior request or promise to pay.

*Smalley & Phelps* for plaintiff.

In contracts made by agents, the liability of the agent depends upon the character of the contract. It is a question of intention. *Fox* v. *Drake*, 8 Cow. 191. *Roberts* v. *Button et al.*, 14 Vt. 195. *Hinsdale* v. *Partridge*, Ib. 547. And this rule extends as well to agents of the government, as to agents of individuals. 2 Kent 633. *Gill* v. *Brown*, 12 Johns. 388. *Rathbon* v. *Budlong*, 15 Johns. 1. *Sheffield* v. *Watson*, 3 Caine 69. *Osborne* v. *Kerne*, 12 Wend. 179. *Olney* v. *Wickes*, 18 Johns. 122. *Perry* v. *Hyde*, 10 Conn. 329. *Mackbeth* v. *Haldimand*, 1 T. R. 172. 1 T. R. 674. *Rice* v. *Chute*, 1 East 582. Ib. 583, n. *Prosser* v. *Allen*, 1 N. Gow 117, [5 E. C. L. 481.] Under the circumstances, without any other contract than the mere employment of the plaintiff as deputy, the law would imply a promise to pay the plaintiff.

The plaintiff was entitled to a verdict upon the count for money had and received. When a person has money of the debtor in his

hands, out of which he has authority from the debtor to pay a creditor, and thereupon promises the creditor to pay him, the action for money had and received will lie against him in favor of the creditor. *Sutton* v. *Burnet*, 1 Aik. 197.   *Cheney et al.* v. *Clark*, 3 Vt. 431. *Robertson* v. *Fauntleroy*, 8 J. B. Moore 10, [17 E. C. L. 94.]  32 E. C. L. 435.  And this principle applies to government officers, as well as to others,  *Freeman* v. *Otis*, 9 Mass. 272.

The evidence of the uniform usage and rule of the Treasury department was properly admitted.  It was directly relevant to the issue left to the jury by the court, as showing, that the parties to the contract understood, that no claim could be made upon the government for the services of the deputy, and that the claim must be upon the defendant.

The opinion of the court was delivered by

KELLOGG, J.   The defendant was collector of the customs for the district of Vermont, and the plaintiff a deputy, who served in that capacity under the defendant; and this suit is brought to recover for those services.  The suit is founded upon an express undertaking of the defendant to be personally responsible to the plaintiff for his services.  And so far as the testimony had any legal tendency to establish that fact, or was proper for the consideration of the jury in passing upon the question, in connection with the previous request of the defendant to the plaintiff to perform the service, and the subsequent repeated promises of the defendant to pay for the same, we do not see why it was not properly received and submitted to the jury.  To such use, only, was this testimony restricted by the county court in their instructions to the jury.  The testimony had a tendency to account for the promises subsequently made by the defendant to the attorney of the plaintiff, as indicating how the parties originally understood the contract.

The defendant insisted, that the plaintiff could not recover without proof of an express promise on the part of the defendant, and that it was necessary, that the plaintiff should deliver to the defendant a proper voucher, enabling him to charge the amount in his account with the government, before he was entitled to recover.  The case shows, that the plaintiff had furnished his attorney such a voucher, of which the defendant was informed by the attorney, and

Fuller *v.* Briggs.

that he could have it on payment of the claim. This, we think, was all the plaintiff was bound to do. The court did not instruct the jury upon this point in the terms insisted by the defendant, but did instruct them, " that if they found the services were performed by the plaintiff at the request of the defendant, under an expectation, at that time, that he was to look to the defendant personally for his pay, and that the defendant, on his part, at the same time, expected to be personally responsible for the payment of the same, this created such a privity between them, as to render the defendant personally responsible; and that the course of business at Washington and the after promises of the defendant to pay the claim were only to be used as evidence tending to prove, how the parties understood it ; and that, unless they did find, from all the testimony bearing upon the point, that such was the understanding of the parties, they would return their verdict for the defendant." This was, substantially, an instruction to the jury, that they must find, from the evidence, an *original personal* undertaking of the defendant, at the time of the request, to pay for the services, to warrant a writ against him. Under this charge the jury must have found, that it was the understanding of both parties; at the time the request was made and the service rendered, that the defendant should be personally responsible to the plaintiff for the same. This was clearly all that was necessary, to entitle the plaintiff to recover. In the judgment of the court the charge was proper and all the case required.

The defendant moved in arrest of judgment for the insufficiency of the declaration, which motion was overruled by the court below. This question does not seem to have been much relied upon at the argument, and we are unable to discover any such insufficiency in the declaration, as to the warrant an arrest of the judgment.

The motion in arrest was properly overruled, and the judgment of the county court is affirmed.